IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BLACK FOREST DÉCOR, LLC,<br><br>Defendant. | Case No. 19-cv-894-SLP |

**PLAINTIFF EEOC'S RESPONSE AND OBJECTION TO DEFENDANT
BLACK FOREST DÉCOR, LLC'S MOTION TO DISMISS**

The EEOC brought this action to redress violations of Title I of the Americans with Disabilities Act, as amended, ("ADA") by Black Forest Décor, LLC, after it unilaterally placed Barbara Berry on unpaid leave and then fired her because of her disability [Dkt 1, 09/25/2019 Complaint]. On October 15, 2019, Black Forest moved under Fed. R. Civ. P. 12(b)(6) to dismiss EEOC's Complaint. The EEOC has since amended its Complaint. [Dkt 11, 11/8/2019 Amended Complaint].[1] Because the EEOC has plausibly pled violations of the ADA under both the "actual" and "regarded as" prongs of the ADA's definition of "disability," Black Forest's motion to dismiss must be denied.

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(1)(B), EEOC's Amended Complaint pleads additional facts in support of its claims; also, Paragraph 14 of EEOC's original Complaint [Dkt. 1, ¶ 14] inadvertently cited to the ADA's pre-2008 amendment numbering, but it is clear from the context that EEOC intended to cite to 12102(1) rather than 12102(2), which does not define "disability" and does not contain a part "(C)." The amendment corrects this error.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The dispositive inquiry in ruling on such a motion is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). The question at this stage of litigation is whether EEOC has pled enough facts to establish its claim for ADA violations is plausible. There is no question that it has.

## ARGUMENT & AUTHORITY

The primary purpose of Congress's 2008 Amendment to the ADA "is to make it easier for people with disabilities to obtain protection." 29 CFR Pt. 1630.1(c)(4). "The primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability. The question of whether an individual meets the definition of disability . . . should not demand extensive analysis." 29 CFR Pt. 1630.2(j)(iii).

To this end, the term "disability" must be "construed in favor of broad coverage of individuals ... to the maximum extent permitted by the terms of [the ADA].'" *Manna v. Phillips 66 Co.*, 304 F. Supp. 3d 1064, 1072 (N.D. Okla. 2018) (quoting 42 USC § 12102(4)). The term "substantially limits" shall likewise be construed broadly; accordingly, "substantially limits" is not meant to be a demanding standard and should not demand extensive analysis. 42 USC § 12102(4)(B); 29 CFR Pt. 1630.2(j)(1)(i),(iii). An impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." 29 CFR Pt. 1630.2(j)(1)(ii). Finally, whether an impairment is "substantially limiting" is ordinarily a question of fact for the jury. *Cink v. Grant Cty., Okla.*, No. CIV-13-1069-C, 2016 WL 1717230, at *3 (W.D. Okla. Apr. 28, 2016) (citing *Smothers v. Solvay Chemicals*, Inc., 740 F.3d 530, 545 (10th Cir. 2014)).

Under these authorities, the question whether EEOC has plausibly pled that Berry's gallstones, a disease of her gallbladder, substantially limited one or more major life activities should be easily resolved in favor of coverage under the ADA and the denial of Black Forest's motion.

**1.      EEOC pled ADA claims under both the "actual" and "regarded as" theories.**

The ADA defines "disability," with respect to an individual, alternatively, in relevant part, as: (A) a physical or mental impairment that substantially limits one or more of the major life activities; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). "An individual may establish coverage under any one or more of these . . . prongs of the definition of disability." 29 CFR Pt. 1630.2(g)(2).

3

EEOC clearly pled that Berry is disabled under both the "actual" and "regarded as" prongs of the definition of disability [Dkt 11 ¶ 14]; further, nowhere does EEOC's Complaint suggest that its disability theory is limited to an "actual" disability. Therefore, Black Forest's contention that "EEOC pleads only an 'actual disability' claim under . . . 12102(1)(A)," the very foundation for its motion, is incorrect. [Dkt 5, p.3 n.2].

**2.     EEOC pled facts establishing Berry was "actually" disabled.**

Black Forest's argument that EEOC did not plead and cannot plead sufficient facts to show that Berry's gallbladder disease was an "actual" disability because it was "not sufficiently severe" or of "limited duration" is fallacious because it improperly requires the Court to consider the ameliorative effects of mitigating measures.

A.     The determination whether Berry was disabled must be made without consideration of the ameliorative effects of treatment.

Black Forest's argument that EEOC cannot plead an "actual" disability improperly considers Berry's gallbladder disease in light of the ameliorative effects of the treatment that she received, but without treatment Berry's gallbladder disease was increasingly severe in its symptoms and of indefinite duration.

The ADA directs that the determination whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures. 42 USC § 12102(4)(E); 29 CFR Pt. 1630.2(j)(1)(vi). "Mitigating measures eliminate or reduce the symptoms or impact of an impairment." Q&A [No. 12] on the Final Rule Implementing the ADA Amendments Act of 2008, https://www.eeoc.gov/laws/regulations/ada_qa_final_rule.cfm, (last visited October 30,

2019, 1:00 pm), "Evidence showing that an impairment would be substantially limiting in the absence of the ameliorative effects of mitigating measures could include … evidence concerning the expected course of a particular disorder absent mitigating measures." 29 CFR Pt. 1630 (Appendix) at Pt. 1630.2(j)(1)(vi). "In other words, [with the exception of ordinary eyeglasses to correct vision,] if a mitigating measure eliminates or reduces the symptoms or impact of an impairment, that fact cannot be used in determining if a person meets the definition of disability." *See supra*, Q&A Nos. 13-14 on the Final Rule Implementing the ADA Amendments Act of 2008.

Black Forest's entire assessment of Berry's impairment, from its alleged temporary nature to its lack of severity, concerns only the treated state of her condition. However, the determination whether Berry's gallbladder disease was substantially limiting must be examined in the absence of medication to control abdominal pain and nausea and the surgical removal of her diseased organ.

As pled by EEOC, Berry was actually disabled because her gallbladder disease, in its unmitigated state, caused Berry to experience severe nausea and abdominal pain which substantially limited her ability to eat, sleep and concentrate, sufficient to cause her to lose significant weight and miss work to seek treatment. [Dkt 11, ¶¶ 17-27]. Further, her gallbladder disease substantially limited the operation of her digestive system and her gall bladder, an organ within her digestive system - which she lost as a result of the impairment. 29 CFR Pt. 1630.2(h)(1) and (i)(1); [Dkt. 11, ¶¶ 20-23; 37, 45]. Berry's gallbladder was so diseased that her surgeon determined that its surgical removal was the only option for restoring her health; not removing the diseased organ would risk its

rupture with potential life-threatening consequences; and, after her surgery, her surgeon informed Berry that her gallbladder was in the worst condition he had ever seen. [Dkt11 ¶¶ 37, 45].

Accordingly, in the absence of mitigating measures, Berry's symptoms would not have abated and would likely have worsened, possibly with life-threatening consequences [Dkt. 11, ¶ 37]. Indeed, deprival of treatment for gallbladder disease has been found to easily support Eighth Amendment "cruel and unusual punishment" claims brought by criminal inmates. *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1284 (D.C. Cir. 2008) (concluding that the "intense and often relentless pain" associated with untreated gallbladder disease is sufficiently serious) (citing *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir.1986)).  Thus, Berry's gallbladder disease cannot be construed as "temporary" on the basis she received medication and surgical treatment. 42 USC § 12102(4)(E)(i). In sum, its actual duration alone, resulting from the timing and "success"[2] of treatment, is not a basis to grant Black Forest's motion.

B.     An "actual" disability can be temporary and of limited duration.

Even if the ameliorative effects of treatment could be considered – and they cannot - the Tenth Circuit has acknowledged that "[e]ven temporary impairments can qualify as disabilities within the meaning of the ADA." *Yinger v Postal Presort Inc.,* 693 Fed. Appx. 768, *773 (10th Cir. 2017) (unpublished) (citing 42 USC § 12102(3)(B); 29 CFR Pt. 1630.2(j)(1)(ix)). District courts within the Tenth Circuit hold similarly. *See e.g.,*

---

[2] Putting aside Berry's consequent, permanent loss of a functioning gallbladder.

*Austin v Children's Hospital Colo.,* No. 17-cv-02491-KLM, 2018 WL 6571372, *9 (D. Colo. Dec. 13, 2018) (denying summary judgment in ADA case involving shoulder surgery recovery that was short term and without lasting effects and collecting cases holding that impairments of short duration could be substantially limiting); *Clark v. Univ. of Okla.,* No. CIV-15-302-R, 2016 WL 407316, at *1-2 (W.D. Okla. Feb. 2, 2016) (rejecting defendant's argument that a temporary injury cannot constitute a disability under the ADA);  *Henson v. Amerigas Propane, Inc.*, No. CIV-15-163-RAW, 2016 WL 3190220, at *4 (E.D. Okla. June 7, 2016) (denying summary judgment for defendant on the argument that plaintiff's "non-severe, temporary" hand injury was not substantially limiting).

The ADA's regulations, in contrasting the "actual" disability prong and the "regarded as" prong, make clear that an impairment that constitutes an actual disability can be transitory. An employer may defend against a "regarded as" claim by showing the impairment at issue is **both**, objectively, "transitory **and** minor." 29 CFR Pts. 1630.15(f) (emphasis added).  The ADA defines "transitory" as "lasting or expected to last six months or less." 42 USC §12102(3)(B); 29 CFR Pt. 1630.2(j)(1)(ix).[3] Tellingly, both the Act and the regulations clearly state that the "transitory and minor" exception to "regarded as" coverage does not apply to the "actual" definition of "disability." *Id*. In other words, "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting." *Id*.; *Austin*, 2018 WL at 8 (the same). Under the

---

[3] Neither the Act nor the regulations attempt to define the term "minor."

7

ADA, "duration" of an impairment is not dispositive but only one of many factors taken into consideration in determining whether a major life activity is substantially limited. *See* 29 CFR Pt.1630 (Appendix) at Pt. 1630.2(j)(1)(ix). Thus, even if Berry's disability was analyzed in light of its actual temporary duration, an ameliorative effect of treatment, this factor alone is not a basis to deny coverage as an "actual" disability.

C.      The case law relied upon by Black Forest does not support dismissal.

Black Forest cites many cases that either improperly rely on pre-ADAAA case law interpretations for their holdings, pre-date the pronouncement in *Yinger*, are inconsistent with the ADA's post-amendment Congressional mandate and regulations, or are otherwise distinguishable, non-binding and unpersuasive. *See e.g.,* Dkt. 5 at pp. 4, 7, 8, 9 (citing *Kurylo v Parkhouse Nursing*, No. 17-cv-0004, 2017 WL 1208065, *4 (E.D. PA. April 3, 2017) (purporting to apply post-ADAAA law and stating that "a temporary, non-chronic impairment of short duration is not a disability covered by the ADA.") (quoting *McFarlan v Ivy Hill*, 675 F.3d 266, *274 (3d Cir. 2012) (pre-ADAAA case) (quoting *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, *380 (3d Cir.2002) (pre-ADAAA)); *but see EEOC v. Midwest Reg'l Med. Ctr., LLC*, No. CIV-13-789-M, 2014 WL 4063145, at *2-3 (W.D. Okla. Aug. 18, 2014) (holding that pre-ADAAA Tenth Circuit precedent was irrelevant to determine whether plaintiff had a condition that substantially limited a major life activity). Further, EEOC website information relied upon by Black Forest predates the ADAAA,[4] and includes a disclaimer to the effect that the guidance, which itself relies

---

[4] [Dkt 5, pp. 5-6 (citing https://www.eeoc.gov/eeoc/publications/ada17.cfm)].

upon stricter pre-Amendment coverage standards, may be inconsistent with the Act, as amended, which greatly relaxed previous coverage standards.

Black Forest admits that of all the cases it cited, only *Grote v Beaver Express Svc., LLC,* 12-1330-KHV, 2013 WL 4402822 (D. Kan. Aug. 15, 2013) is "factually analogous" here. In *Grote*, the employer permitted the employee to periodically miss work over a four-month period to attend medical appointments for a variety of medical conditions, illness, and pre-approved vacation. *Id*. at *2. During this time, the employee was reprimanded for "attitude and attendance." *Id.* The employer likewise permitted the employee to miss work to have gallbladder surgery and to recover. *Id*. Upon her return to work, she was discharged "due to economy and work quality." *Id*.

The employee sued for alleged violations of the FMLA, ADA, ERISA, and Title VII and the employer moved to dismiss under Rule 12(b)(6). *Id*. at *1, 3. For her ADA claim, the court struggled to identify which of four possible impairments were claimed to substantially limit "an unidentified major life activity." *Id*. at 5-6. In dismissing the "actual" disability claim, the court focused on the deficient pleading of facts and did not criticize or examine the impairments identified by plaintiff. *Id.* at 5-7.

At best, the *Grote* case is only procedurally analogous in that it involved an ADA claim and a Rule 12(b)(6) motion. The pleadings are not at all similar. In this case, EEOC pled that Berry was permitted to miss three days of work to seek treatment for her gallbladder disease and then unilaterally placed on unpaid leave through her surgery date, notwithstanding her ability and effort to return to work, and was then fired for "excessive absences" for exercising the very leave she was forced to take. [Dkt 11 at ¶¶ 22-33, 41].

Moreover, unlike the *Grote* complaint, EEOC's complaint does not "simply recit[e] the statutory language or the elements" of her ADA claim. *Grote*, 2013 WL at *6. The *Grote* court concluded that the plaintiff "allege[d] no facts about [her] conditions" nor "how her condition actually interfered with any major life activity or how her symptoms were disabling." *Id*. at *5-6.  Here, in stark contrast, EEOC alleged that Berry's symptoms increased in frequency and severity, impairing her ability to eat, digest food, sleep, concentrate, and resulted in the loss of a functional gallbladder. [Dkt. 11 at ¶¶ 17-27, 37, 45]. Also, although the plaintiff there apparently alleged that gallbladder surgery constituted a disability, the *Grote* court made no mention of, and apparently did not consider the regulations that identify digestive function and the operation of a bodily organ as a "major life activity."

**3.     EEOC has plausibly pled that Berry was "substantially limited" in a "major life activity."**

Black Forest argues, incorrectly, that EEOC "does not allege Berry was limited **at all** in her ability to work and function in her day-to-day life" and represents, also incorrectly, that EEOC devotes only one paragraph to a conclusory statement that a major life activity was substantially limited. [Dkt 5, p.8 (emphasis original)].  But even if correct - which it is not [*see* Dkt.11 ¶¶ 17-25] - this is immaterial, as the ADA does not require (and Black Forest does not identify any authority which even suggests otherwise) a showing of limited ability to work and/or day-to-day functioning to establish coverage under the statute.  *See* 42 USC § 12102(4)(C) ("An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a

disability."). Simply, and contrary to the representations and argument of Black Forest, the EEOC's Complaint alleges in sufficient factual detail that Berry suffered from gallbladder disease which substantially limited the function of her digestive system as well as her gallbladder itself, an organ within her digestive system; and that her gallbladder disease substantially limited her major life activities of eating, sleeping, and concentrating.

A.   EEOC's Complaint sufficiently alleges substantial impairment to her digestive system and her gallbladder, an organ within her digestive system.

Under the ADA's interpretive regulations, "any physiological disorder or condition" that affects the operation of an individual's digestive system is a qualifying impairment, and the operation of the digestive system, including an organ within that system, is a qualifying major life activity. 29 CFR Pt. 1630.2(i)(1)(ii),(2). Thus, it stands that EEOC's allegation that Berry's gallstones [Dkt 11 ¶ 35-37], a disease of the gallbladder and a physical impairment under 29 CFR Pt. 1630.2(h)(1), substantially limited (1) her ability to digest food [Dkt 11 ¶¶ 17-24]; and, (2) as a result of medically necessary surgery, permanently ended the operation of her gallbladder [Dkt 11 ¶ 45], an individual organ within her digestive system and a major life activity under 29 CFR Pt. 1630.2(i)(1)(ii). This allegation is sufficient to state a plausible, if not dispositive, claim that Berry was "actually" disabled under Section 12102(1)(A) of the ADA.

B.   EEOC's Complaint sufficiently alleges substantial impairment to her major life activities of eating, sleeping, and/or concentrating.

EEOC's Complaint specifically identifies three "major life activities" that were "substantially limited" by Berry's gallbladder disease: eating, sleeping, concentrating, in

addition to the functioning of her digestive system, and the operation of her gallbladder, discussed above – all expressly recognized by the ADA and/or the regulations as "major life activities." [Dkt 11 ¶¶ 7-27]; 29 CFR Pt. 1630.2(i)(1); 42 USC §12102(2). Over the course of a month, Berry's abdominal pain and nausea progressed in severity and frequency from a few times per week, to several times per week, to daily, to hourly, to constantly. With increasing frequency, the symptoms impaired her ability to sleep through the night by causing her to wake to vomit. The symptoms impaired her ability to eat and digest food and liquids and caused her to lose thirty-five pounds. By early February, Berry's nausea and pain was all consuming and she could not eat, sleep, concentrate or perform routine functions at all. [Dkt 11 ¶¶ 18-24]. Accordingly, the Complaint describes in detail how Berry was unable to eat, sleep, or concentrate, due to increasingly frequent and sufficiently severe effects of her gallbladder disease. [Dkt 11 ¶¶ 17-27]. Such pleading plausibly establishes that these identified major life activities were substantially limited by Berry's gallbladder disease, and her condition was not of insufficient duration or effect to sustain coverage.

**4.      EEOC pled facts establishing Black Forest regarded Berry as disabled.**

A.     EEOC pled facts that show Black Forest suspended and then fired Berry <u>because of her gallbladder disease and thus regarded her as having a disability.</u>

Black Forest argues in a footnote that EEOC has not plausibly pled a "regarded as" claim and, alternatively, that EEOC's "regarded as" claim is invalid because Berry's impairment was "transitory and minor."

Foremost, the argument is not properly before the Court. Because neither fairly raised nor adequately developed, courts often disregard substantive arguments raised exclusively in footnotes. *Christy v. Travelers Indem. Co. of Am.*, 810 F.3d 1220, 1226 (10th Cir. 2016); *Sanders v. Sodexo, Inc.*, No. 2:15-CV-00371-JAD, 2015 WL 4477697, at *5 (D. Nev. July 20, 2015). In any event, as stated above, Black Forest is wrong.

"An individual is 'regarded as' disabled if she is subjected to a prohibited action because of an actual or perceived physical impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity." 29 CFR Pt. 1630.2(l)(1). "Prohibited actions include but are not limited to . . . placement on involuntary leave [and] termination." *Id*. "[S]howing that an individual is regarded as disabled does not require a showing of an impairment that substantially limits a major life activity or a record of such an impairment." *EEOC v. Amsted Rail Co.*, 280 F. Supp. 3d 1141, 1150 (S.D. Ill. 2017) (internal quotations omitted) (citing 29 CFR Pt. 1630.2(g)(3) (2012)). "Indeed, it is enough under the 'regarded as' prong to show that an employer failed to hire an applicant because it believed, rightly or wrongly, that he would be a safety risk." *Id.* at 1150, 1151 (granting summary judgment to EEOC under regarded as prong where undisputed facts established employer refused to hire applicants based on test results for carpal tunnel syndrome because it feared their condition posed a safety risk).

In addition to invoking the "regarded as" prong of the Act's definition of disability in Paragraph 14 of EEOC's Complaint, EEOC adequately pled facts to plausibly establish that Black Forest regarded Berry as having a disability because, accepted as true, the

13

Complaint clearly alleges that, in response to notice of her impairment, Black Forest first involuntarily placed Berry on unpaid leave, decided - without consulting any medical information from Berry, including her medical release to work - that she would not be returning to work, and then discharged her because of her perceived impairment. [Dkt 11 ¶¶ 26-33, 41]. *See also Grote* 2013 WL at *6-7 (denying motion to dismiss regarded as claim where facts pled showed that she was fired because of her manager's perception of her medical condition).

B.      EEOC pled sufficient facts to plausibly show gallbladder disease is neither minor nor transitory.

To establish a "transitory and minor" defense to a "regarded as" claim, the employer must demonstrate that the impairment is **both** "transitory" **and** "minor." 29 CFR Pt. 1630.15(f). The issue is to be determined objectively. *Id.*

Black Forest makes no effort to argue that Berry's gallbladder disease was "minor" or "transitory" apart from arguments that improperly take into consideration the ameliorative effects of treatment: medication and surgery she received as treatment for her condition. Analyzed as required in its untreated state, [*see supra*, Part 2(A)] facts pled by EEOC plausibly establish that Berry's gallbladder disease was not objectively "transitory and minor" [Dkt 11 ¶¶ 17-28, 35-37, 45], nor perceived as minor by Black Forest. [Dkt 11 ¶¶ 28-33].

C.     Moreover, EEOC is not required to plead facts establishing Berry's gallbladder disease was not transitory or minor because those facts are germane only to an <u>affirmative defense</u>.

Whether a perceived disability is "transitory and minor" is an affirmative defense for which Black Forest bears the burden of proof. *See, e.g., Oldershaw v. DaVita Healthcare Partners, Inc.*, No. 17-CV-00131-MSK-MJW, 2018 WL 3648059, at *15 (D. Colo. Aug. 1, 2018); 29 CFR Pt. 1630.15(f). EEOC's Complaint does not facially support the defense and Black Forest has not Answered and affirmatively raised the defense – thus, in addition to being presented in a footnote, the issue is not properly before the Court. *Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) ("A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses.").

## **CONCLUSION**

Black Forest's motion to dismiss is unmeritorious. First, the EEOC adequately pled that Berry had an actual disability and Black Forest's argument to the contrary requires consideration of the ameliorative effects of treatment—a consideration that is directly contrary to the ADA. Second, EEOC adequately pled that Black Forest regarded Berry as having a disability, and Black Forest has presented no argument to the contrary except to baldly assert in a footnote that EEOC did not so plead—an assertion that is clearly belied by EEOC's Complaint. Moreover, whether an impairment is "transitory and minor" is an affirmative defense and a plaintiff need not plead facts in anticipation of an affirmative defense. Accordingly, Black Forest's motion to dismiss should be denied.

Respectfully submitted,

*/s/ Patrick J. Holman*
Patrick J. Holman, OBA No. 21216
Equal Employment Opportunity Commission
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
405.231.4363 (phone)
405.231.4375 (fax)
patrick.holman@eeoc.gov

**Attorney for Plaintiff EEOC**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on November 8, 2019, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System, to include:

Christopher S. Thrutchley, OBA 15859
cthrutchley@gablelaw.com
Paula M. Williams, OBA 30772
Pwilliams@gablelaw.com
Gerard D'Emilio, OBA 33496
gdemilio@gablelaw.com
Gable Gotwals
**Attorneys for Defendant**
**Black Forest Décor LLC**

                                                */s/ Patrick J. Holman*
                                                 Patrick J. Holman