**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **Case No. 19-cv-00894-SLP** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **BLACK FOREST DÉCOR, LLC,** | ) ) | |
| **Defendant.** | ) | |

**<u>PROPOSED CONSENT DECREE</u>**

1.    Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action against Defendant Black Forest Décor LLC ("Defendant") to enforce provisions of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended (ADA). In its Amended Complaint, the EEOC alleged that Defendant violated the ADA when it forced Barbara Berry ("Berry"), a worker with a disability at its Enid, Oklahoma, warehouse, to take unpaid leave, despite her ability and willingness to work, and then fired her for exercising the very leave it forced her to take.

2.    Defendant denies the EEOC's allegations, denies engaging in any unlawful employment practices, and denies discriminating against Berry because of any alleged disability. Defendant further denies that it is subject to any liability under the ADA and states that its acceptance of and compliance with the terms of this Decree do not constitute and are not meant to convey any admission of wrongdoing or liability but, rather, reflect Defendant's pragmatic business decision to avoid incurring any further legal expense.

3.      In the interest of resolving this matter without further litigation, the parties agree this

action should be resolved by entry of this Decree. This Decree fully and finally

resolves all claims alleged in the EEOC's Amended Complaint. The parties agree to

the jurisdiction of this Court over the subject matter of this action and the parties to

the case.

4.      The parties agree that this Decree is fair, reasonable, and not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

5.      Defendant shall not require any employee with a disability to take leave because of his

or her disability when such employee is willing and able to work and is medically able

to perform the essential functions of his or her job with or without a reasonable

accommodation.

6.      Defendant shall not terminate individuals employed in positions for which they are

qualified because: (a) they have a disability, (b) surgery is needed for the treatment of

their disability, (c) they need a schedule adjustment for treatment of their disability

and/or recovery, or (d) because they request or may in the foreseeable future require

a reasonable accommodation required by the ADA.

7.      Defendant shall not retaliate against any applicant or employee because such

individual has: (a) opposed any employment practice alleged to constitute unlawful

disability discrimination; (b) participated in an investigation concerning or related to

allegations of such discrimination; (c) requested a reasonable accommodation for a

disability; and/or (d) participated in this lawsuit and/or the underlying EEOC

investigation.

## CHARGING PARTY RELIEF

8.   Judgment is entered in favor of the EEOC and against Defendant in the total amount of $55,000 in monetary relief (with $10,000 designated as back pay).

9.   Within seven (7) days of entry of this Decree, Defendant shall pay the gross sum of $55,000 to Barbara Berry by check sent via certified mail return receipt requested at an address provided by the EEOC, with $10,000 designated as backpay and $45,000 designated as compensatory damages, and with an itemized statement setting forth the amounts paid and any withholdings.

10.  Defendant shall deduct only the employee's share of FUTA, FICA, and applicable federal, state and local tax withholdings from the amount designated as backpay and shall make no deductions from the amount designated as compensatory damages.

11.  No later than January 31, 2021, Defendant shall issue to Berry an IRS form W-2 for the designated backpay amount and an IRS form 1099 for the designated compensatory damages amount.

12.  In the event of non-payment, it is acknowledged that the monetary relief provided for herein is a debt owed to and collectible by the United States, or its proxy, notwithstanding that Berry is the ultimate beneficiary of such monetary relief.

13.  Defendant shall not condition receipt of relief under this Decree upon Berry's agreement to: (a) maintain as confidential the terms of this Decree or the facts and/or allegations of this case; (b) waive her statutory right to file a charge or complaint with any governmental agency; (c) refrain from applying for employment with Defendant; (d) enter a non-disparagement agreement; (e) execute a general

release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

**EQUITABLE RELIEF**

14.   Within sixty (60) days of entry of this Decree, Defendant shall adopt policies, enact procedures, and provide training to ensure compliance with the ADA and the provision of full employment opportunities to individuals disabled within the meaning of the ADA. At a minimum, such policies, procedures, and training shall include:

a.   A clear statement that discriminatory treatment of disabled employees or applicants will not be tolerated and may be grounds for discipline, up to and including termination;

b.   A clear statement that Defendant is an equal opportunity employer and encourages employment of individuals with disabilities;

c.   A clear statement that Defendant will provide reasonable accommodations to disabled applicants and employees as required by the ADA;

d.   Clearly-communicated procedures by which employees and applicants may report suspected disability discrimination;

e.   Clearly-communicated procedures by which employees and applicants may request reasonable accommodations;

f.   Prompt and thorough engagement in an interactive process upon formal or informal notice that an otherwise qualified disabled employee or applicant may need a reasonable accommodation to perform the essential functions of their job;

g.  Distribution of Defendant's revised ADA policies and procedures to all current employees;

h.  A minimum of three (3) hours of annual training for all human resource and management employees regarding Defendant's obligation under the ADA to provide reasonable accommodations to and not discriminate against disabled employees or applicants;

i.  A minimum of one (1) hour of annual training, including opportunity for questions, for all employees regarding Defendant's revised ADA policies and procedures and their right to reasonable accommodation and freedom from discrimination under the ADA, as well as Defendant's other anti-discrimination, anti-harassment, and anti-retaliation policies and procedures; and

j.  Distribution of Defendant's ADA policies and procedures to all newly-hired employees within five (5) days of hire.

15.  Within fourteen (14) days of entry of this Decree, Defendant shall post the notice attached as Exhibit 1 at its facility in a location where notices to employees are customarily posted.

## REPORTING

16.  Within nine (9) months of entry of this Decree and every nine (9) months thereafter for the term of this Decree, Defendant shall submit to the EEOC the following information:

a.  for each instance an employee's request for reasonable accommodation was denied, the employee's name and contact information, a description of the

requested accommodation, the reason the accommodation was not provided, and the identity of the individual(s) involved in denying the accommodation; and

b.  for each employee fired due to medical-related absences from work, the individual's name, contact information, and medical condition that necessitated missing work, the amount of work missed, the reason he/she was fired, and the individual(s) who made the decision to terminate the employee.

17.  Within nine (9) months of entry of this Decree and every nine (9) months thereafter, Defendant shall send EEOC a list of all complaints or reports of disability discrimination (including denials of reasonable accommodations) during the previous six months, including the name and location of the employee or applicant, a description of the complaint or report, a description of Defendant's handling of the situation, and the ultimate resolution of the situation.

18.  For the duration of this Decree, Defendant will retain all documents related to requests for reasonable accommodation.

19.  At any time during the term of this Decree, the EEOC may request and Defendant shall provide within twenty-one (21) days, any documents, reports, or other information the Commission deems necessary to ensure compliance with this Decree.

20.  Within seven (7) days of completing the actions required by paragraphs 9, 11, 14, 15, 16, and 17 above, Defendant will submit to the EEOC certification that those actions were completed along with copies of all related documents, including but not limited to ADA-related policies, procedures, training materials, and training attendance logs.

21.     Defendant shall submit all certifications, notices, reports, and other materials required

by this Decree to the EEOC by e-mail to the following email address:

EEOC-SLDO-Decree-monitoring@eeoc.gov.

## MISCELLANEOUS PROVISIONS

22.     By entering into this Consent Decree, the parties intend to resolve only the charge of

discrimination that created the procedural foundation for this suit. No other pending

or future charges, if any, are affected by this Decree.

23.     This Decree will be for a period of three (3) years and may be extended upon a

showing that the applicable standard for modifying/extending a consent decree is

satisfied. Enforcement of this Decree will be suspended during any time in which

Defendant ceases to meet the definition of employer under 42 U.S.C § 2000e(b). This

Court shall retain jurisdiction over this matter for purposes of compliance.

24.     The terms of this Decree are binding upon Defendant and its successors. Defendant

and any successor(s) shall provide a copy of this Decree to any organization or

person who proposes to acquire or merge with Defendant, or any proposed

successor, prior to any such acquisition, merger, or succession.

25.     In the event Defendant ceases to meet the definition of employer under 42 U.S.C §

2000e(b), Defendant shall promptly notify the EEOC at the email address set forth in

paragraph 21 and provide documentation to establish its change in status.

26.     At any time during the term of this Decree, the EEOC may petition this Court to

enforce any term of this Decree. Should the Court determine that Defendant has not

complied with any term of this Decree, the Court shall grant appropriate relief.

27.     The parties shall bear their own costs and attorneys' fees.


**IT IS SO ORDERED this 1st day of June, 2020.**


SCOTT L. PALK
UNITED STATES DISTRICT JUDGE


**APPROVED:**

**FOR PLAINTIFF EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:**

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Andrea G. Baran
ANDREA G. BARAN
Regional Attorney
C. FELIX MILLER
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1222 Spruce St., Rm. 8.100
St. Louis, Missouri 63103
Email: andrea.baran@eeoc.gov
        felix.miller@eeoc.gov

PATRICK J. HOLMAN, OBA No. 21216
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma Area Office
215 Dean A. McGee, Ste.524,
Oklahoma City, Oklahoma 73102
Tel. No.: (405) 231-4363
Fax No.: (405) 231-4375
Email: patrick.holman@eeoc.gov

**FOR DEFENDANT,**
**BLACK FOREST DÉCOR, LLC:**


/s/ Jason Dupus
JASON DUPUS,
OWNER


/s/ Chris S. Thrutchley
CHRIS S. THRUTCHLEY, OBA No. 15859
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: 918.595.4800
Facsimile: 918.595.4990
Email: cthrutchley@gablelaw.com

**Exhibit 1**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**St. Louis District Office**

**NOTICE**

**Federal law says that companies cannot treat employees or job applicants differently because they have a disability.  Specifically, the law requires companies to provide qualified individuals with disabilities with a reasonable accommodation or assistance needed to perform their jobs, including unpaid medical leave, and prohibits a company from taking adverse action against an individual because they are disabled. The law also prohibits an employer from retaliating against people who request assistance.**

**Black Forest Décor LLC supports and will obey all federal anti-discrimination laws protecting individuals with disabilities and their right to reasonable accommodation and to be free from discrimination because of disability and from retaliation.**

**Black Forest Décor LLC will not tolerate disability or other unlawful discrimination against any employee or job applicant. Employees and applicants may report instances of discrimination to Black Forest Décor LLC: _____ at [phone number and email address]**

Or

**Patrick J. Holman, Equal Employment Opportunity Commission, Oklahoma Area Office, 215 Dean A. McGee, Ste.524, OKC, OK 73102 Tel. No.: (405) 231-4363; Email: patrick.holman@eeoc.gov**

**For more information about discrimination and how to file a charge with the EEOC go to: www.eeoc.gov.**

_____                          _____
Date                                                      Jason Dupus, Owner